Case 2:18-cv-00499-JRG-RSP   Document 286   Filed 04/25/22   Page 1 of 20 PageID #: 9277

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **UNILOC 2017 LLC,**<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**GOOGLE LLC,**<br><br>　　　　　　Defendant. | Civil Action No. 2:18-cv-00499-JRG/RSP<br>ECF Case |

## MOTION OF THE ELECTRONIC FRONTIER FOUNDATION AND PUBLIC INTEREST PATENT LAW INSTITUTE TO INTERVENE AND TO UNSEAL COURT RECORDS

TABLE OF CONTENTS

I.    Introduction ............................................................................................................................ 1

II.   Factual Background ............................................................................................................. 3

   A.    The Parties and Interventors ........................................................................................ 3

   B.    The Parties' Excessive Sealing of Court Records Concerning Standing. ........................ 4

III.  Argument ............................................................................................................................. 5

   A.    This Court Retains Jurisdiction Over the Sealed Filings. .................................................. 5

   B.    Intervenors Have Standing To Intervene for the Purpose of Obtaining Public Access to the Sealed Filings. ........................................................................................................................ 7

   C.    The Strong Presumption of Public Access Attaches to the Sealed Filings and Cannot Be Overcome on This Record. ................................................................................................................. 8

      1.    A Strong Presumption of Public Access Applies to the Sealed Filings and Basic Docket Information. ........................................................................................................................ 8

      2.    The Parties Have Failed To Overcome the Strong Presumption of Access. ................ 10

      3.    The Parties Cannot Overcome the Strong Presumption of Public Access for Any of the Sealed Filings That Uniloc Has Already Unsealed Elsewhere. .............................................. 11

   D.    The Sample Protective Order Cannot Abrogate This Court's Standing Order or the Public's Rights of Access Under The Constitution and Common Law. .................................. 12

IV.  Requested Relief ............................................................................................................... 14

V.   Conclusion ........................................................................................................................ 15

TABLE OF AUTHORITIES

**Cases**

*Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544 (7th Cir. 2002) ................................................... 9
*Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021) .................................................. 9
*Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3870069 (E.D. Tex. Apr. 18, 2016) ............................................................................................................................... 8
*Bradley on behalf of AJW v. Ackal*, 954 F.3d 216 (5th Cir. 2020) ............................................. 14
*Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920 (5th Cir. 1996) .................................... 8
*Droplets, Inc. v. Overstock.com*, No. 2:11-CV-401-JRG (E.D. Tex. Mar. 4, 2015) .............. 11, 13
*EEOC v. National Children's Ctr.*, 146 F.3d 1042 (D.C. Cir. 1998) ........................................... 8
*Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004) ...................................................... 6
*Geraci v. Doe*, No. 1:20-CV-113-RP, 2020 WL 5899114 (W.D. Tex. Oct. 5, 2020 .................... 6
*Holy Land Found. for Relief & Dev.*, 624 F.3d 685 (5th Cir. 2010) ............................................ 9
*In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) ............. 9
*In re Beef Industry Antitrust Litig.*, 589 F.2d 786 (5th Cir. 1979) ............................................... 8
*In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220 (5th Cir. 2008) ................ 9
*In re Sealing Non-Diclosure Pen/Trap/2703(D) Orders*, 562 F. Supp. 2d 876 (S.D. Tex. 2008).. 9
*In Re Violation of Rule 28(d)*, 635 F.3d 1352 (Fed. Cir. 2011) ................................................... 9
*June Medical Servs., L.L.C. v. Phillips*, 22 F.4th 512 (2022) ........................................... 10, 13, 14
*Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ..................................... 9
*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994) ....................................... 6
*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) .......................................... 9
*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ..................................................... 5, 8, 9
*Qureshi v. United States*, 600 F.3d 523 (5th Cir. 2010) ............................................................. 6
*Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555 (1980) ............................................................ 9
*Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988) ...................................... 9
*See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993) ................................................ 9
*Seven Networks, LLC v. Google LLC.*, No. 2:17-cv-00442-JRG (E.D. Tex. Aug. 22, 2018) ...... 11
*Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-713-RWS-RSP, 2016 WL 3460763 (E.D. Tex. Apr. 7, 2016) ................................................................................................................... 8
*Uniloc 2017 LLC v. Apple Inc.*, 3:18-cv-00360-WHA, 2019 WL 2009318 (N.D. Cal. May 7, 2019) ......................................................................................................................................... 8
*Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351 (Fed. Cir. 2020) ................................................. 5
*Uniloc USA, Inc. v. Amazon.com, Inc.*, No. 2:18-cv-00081-JRG (E.D. Tex. Mar. 5, 2019) .... 9, 11
*Uniloc USA, Inc. v. Apple, Inc.*, 508 F. Supp. 3d. 550 (N.D. Cal. 2020) ..................................... 8
*United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) .................................................... 10
*Vantage Health Plan, Inc. v. Willis-Knighton Medical Ctr.*, 913 F.3d 443 (5th Cir. 2019) ........ 14
*Zimmerman v. City of Austin, Texas*, 969 F.3d 564 (5th Cir. 2020) ............................................ 6

**Other Authorities**

Electronic Frontier Foundation, Patents ........................................................................................ 3

Google Turns 20: How an Internet Search Engine Reshaped the World, The Verge (Sep. 27, 2018) ........................................................................................................................................ 3

Hon. Timothy B. Dyk, *Ten Prescriptions for Patent Law*, 17 Stan. Tech. L. Rev. 345, 352 (2014) ............................................................................................................................................... 4

Jan Wolfe, Google hit with new wave of Uniloc patent cases in East Texas, Reuters (Oct. 31, 2018) ........................................................................................................................................ 3

Malathi Nayak, Google, Amazon, Apple Are Targets of Uniloc Lawsuit Blitz, Bloomberg Law, Nov. 23, 2018. .......................................................................................................................... 3

Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Ct. During Mot. and Trial Practice (E.D. Tex. June 1, 2016) .......................... 2

7C Wright & Miller, Federal Prac. and Proc. Civ. § 1911 (3d ed. 2007) ...................................... 8

Proposed Intervenors the Electronic Frontier Foundation ("EFF") and Public Interest Patent Law Institute ("PIPLI") (collectively, "Intervenors") respectfully move under Rule 24 of the Federal Rules of Civil Procedure to intervene in this case for the limited purpose of securing an order (1) unsealing documents or portions thereof filed in connection with Google's Motion to Dismiss for Lack of Standing (Dkt. #105) (the "Sealed Filings"); and (2) requiring identifying information about the Sealed Filings be disclosed on the public docket. A Proposed Complaint in Intervention is attached to the Declaration of Christopher Morten in Support of the Motion to Intervene and Unseal ("Morten Decl.") as Exhibit A. Defendant Google LLC ("Google") takes no position on this motion and does not oppose Intervenors' request to intervene. Plaintiff Uniloc 2017 LLC ("Uniloc") opposes this motion in its entirety. Morten Decl. ¶ 8. Google and Uniloc (collectively, "Parties") and Intervenors met and conferred on January 5, 2022. Morten Decl. ¶ 5.

## I. Introduction

EFF and PIPLI seek to intervene in this case for the limited purpose of vindicating the public's right to access court records. Both parties have filed legal memoranda and documentary exhibits to which the public has a presumptive right of access under both the U.S. Constitution and the common law. However, the manner and extent to which those filings are sealed on the docket in this case violate the public's access rights and this Court's standing order. Unsealing is necessary to remedy these violations.

The documents were filed under seal without any showing by the parties or any decision by the Court that they had overcome the presumption of public access. That is improper. These are court records that cannot be sealed simply because parties agree; a court must also rule that the parties have overcome the presumption of public access to the judicial records.

1

The documents are also excessively sealed: lengthy sections of legal argument, entire exhibits, and even basic identifying information about the documents, such as their titles, are hidden from the public. Even if the Parties had filed motions to seal, they could not have justified this much secrecy.

After transfer of this case to the Northern District of California, the parties eventually filed many of the documents publicly on that court's docket, pursuant to that court's orders on sealing. The same records in this Court, however, remain under blanket seal. Now that many of the filings here have been unsealed in connection with other litigation, there is no justification for sealing them any longer. Keeping these documents sealed does not obviate disclosure elsewhere, but it does prevent the public from knowing what happened in this Court.

For any other documents, this Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to be Presented to the Ct. During Mot. and Trial Practice (E.D. Tex. June 1, 2016) ("Standing Order") requires the parties to demonstrate that their need for secrecy outweighs the public's interest in and right to access.

The Parties here failed to comply with that Standing Order, instead filing documents under seal without submitting anything to support their sealing requests. The Constitution and common law forbid that. To prevent similar violations from occurring in the future, the Court can and should confirm that the requirements of the Standing Order apply to all documents filed under seal on the public docket.

## II.     Factual Background

### A.  The Parties and Interventors

This is a high-profile case beween well-known and frequent litigants.[1] Uniloc's lawsuits against Google in this Court have attracted significant public attention.[2]

EFF is a public interest nonprofit organization that advocates for, among other things, reform of the patent system.[3] As part of its public advocacy regarding patent policy, EFF publishes a widely-read blog which often relies on public court filings in order to disseminate information regarding the patent system to the public, files amicus briefs, submits public comments to the Patent and Trademark Office, and organizes public events. Moss Decl. ¶¶ 5–7, 9–14. EFF's participation in patent litigation has been recognized favorably by a judge on the Court of Appeals for the Federal Circuit. *See* Hon. Timothy B. Dyk, *Ten Prescriptions for Patent Law*, 17 Stan. Tech. L. Rev. 345, 352 (2014).

PIPLI is a public interest organization that is devoted to improving the patent system's ability to promote technological innovation for the benefit of all.[4] In service of its mission, PIPLI gathers and disseminates information about developments in patent law and policy, organizes public events, files FOIA requests and policy comments with the U.S. Patent and Trademark Office (USPTO), and advocates for broader participation in the patent system. Moss Decl. ¶¶ 15–17 .

---

[1] Uniloc is one of the most active patent litigants in the world. *See* Malathi Nayak, *Google, Amazon, Apple Are Targets of Uniloc Lawsuit Blitz*, Bloomberg Law, Nov. 23, 2018, at https://www.bloomberglaw.com/document/X3QH2TPG000000?bna_news_filter=ip-law&jcsearch=BNA%252000000166c5b9d813a5efd7fdc16c0002 - jcite. Google is one of the biggest technology companies with products used by billions of people and many thousands of businesses around the world. See Google Turns 20: How an Internet Search Engine Reshaped the World, The Verge (Sep. 27, 2018), https://www.theverge.com/2018/9/5/17823490/ google-20th-birthday-anniversary-history-milestones.
[2] *See, e.g.*, Jan Wolfe, *Google hit with new wave of Uniloc patent cases in East Texas*, Reuters (Oct. 31, 2018), https://www.reuters.com/article/ip-patent-google/google-hit-with-new-wave-of-uniloc-patent-cases-in-east-texas-idUSL2N1XB2IJ.
[3] See generally Electronic Frontier Foundation, Patents https://www.eff.org/patent (last visited March 3, 2022).
[4] See generally Public Interest Patent Law Institute, About, https://www.pipilus.org/about (last visited March 7, 2022).

3

### B. The Parties' Excessive Sealing of Court Records Concerning Standing.

Between November and December 2018, Uniloc asserted twenty-one patents against Google in twenty-one separate infringement complaints filed in this Court.[5] In April 2019, Google responded with what appear to be nearly identical motions to dismiss for lack of standing and improper venue. Dkt. #105.[6] The Parties completed briefing on the issue of Uniloc's standing in November 2019. Dkt. #118, 125. But the extent to which the parties' motion briefs and attached exhibits are sealed (hereinafter, "Sealed Filings"), and the extent to which the accompanying filing information is not visible to the public (hereninafter, "Sealed Docket Information")[7], makes it impossible for the public to discern the legal arguments and relevant facts raised on the issue of Uniloc's standing. *See* List of Sealed Filings at Morten Decl. Ex. B.[8]

In August 2020, this Court granted Google's motion to transfer these cases to the Northern District of California (Dkt. #282). More than a year later, all the Sealed Filings and Sealed Docket Information remain sealed on this Court's docket.

In December 2021, EFF and PIPLI raised the problem of oversealing in this case with Uniloc and Google. Morten Decl. Ex. C. EFF and PIPLI requested that the parties remedy the situation voluntarily by filing unsealed or appropriately redacted versions of the Sealed Filings accompanied by motions establishing sufficient cause for secrecy.[9] *Id.* EFF and PIPLI met and

---

[5] The complaints Uniloc filed in November 2018 are contained in dockets 2:18-cv-491 through -504. Uniloc's December 2018 complaints are contained in dockets 2:18-cv-548 through -554. EFF moves only in the instant case, 2:18-cv-00499, to simplify the issues before the Court. However, the Court has power to order the parties to justify sealing and refile documents, as appropriate, in the other dockets as well.
[6] References to "Dkt. #" refer to the case at hand, No. 2:18-cv-00499, unless otherwise noted.
[7] Information accompanying filings include document titles, file sizes, page countss, and the order of documents entered into the docket.
[8] This exhibit defines the complete set of Sealed Filings that EFF and PIPLI seek to unseal. All these records—briefs and attachments—appear to concern the issue of Uniloc's standing.
[9] To the extent that the Sealed Filings contain any third party information, Intervenors stipulate, for purposes of simplifying the legal issues in this case, that such information may remain under seal if the parties establish adequate justification for sealing. Because the parties have not filed any motions to seal, they have not justified sealing any information in the Sealed Filings.

conferred with the parties, but the parties refused to file sealing motions or public versions of any Sealed Filings, citing their beliefs that this Court lost jurisdiction over its records when the case was transferred. *Id*.

Counsel for Uniloc has represented to EFF and PIPLI that many of the Sealed Filings were filed publicly in the Northern District of California after transfer. Morten Decl. Ex. C (pointing to *Uniloc v. Google*, No. 4:20-cv-05339-YGR, Dkt. #317 *et seq.*, 318-1 (N.D. Cal. Oct. 2, 2020)).

However, a number of the Sealed Filings here have not been disclosed in other proceedings. Although the public cannot compare the Sealed Filings to public filings on other dockets, it is manifestly apparent that the parties' briefs to this Court were not filed publicly elsewhere, Dkt. #105, 118 & 125. In meet and confer, neither party contested this fact.

During meet and confer, the parties only contested this Court's enduring jurisdiction over its records. Uniloc and Google asserted, without citations, that this Court lost jurisdiction over its records once the case was transferred to the Northern District of California. EFF and PIPLI reiterated their position that this Court retains jurisdiction over its docket, even after transfer.

**III.   Argument**

    **A. This Court Retains Jurisdiction Over the Sealed Filings.**

This Court has the power to grant public access to the Sealed Filings because "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Although this case was transferred to a different district, the Sealed Filings are still records of this Court, and the Sealed Docket Information resides in this Court's docket, each subject to the Court's supervisory power.

The issue before this Court—the propriety of sealing documents, in full, absent any motion or justification for sealing—is a collateral issue because it "is separate from the merits of the underlying action." *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357–58 (Fed. Cir. 2020).

Courts retain ancillary jurisdiction over collateral issues as they arise and even after dismissal of the underlying case. This ancillary jurisdiction is necessary "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 380 (1994).

As the Fifth Circuit has recently reaffirmed, "[e]ven if a court loses jurisdiction over the litigation, it maintains its inherent supervisory powers. Thus, a federal court may consider collateral issues after an action is no longer pending . . . ." *Zimmerman v. City of Austin, Tex.*, 969 F.3d 564, 569 (5th Cir. 2020) (internal citations omitted). Moreover, it is well settled that courts can entertain motions to unseal brought by a third party, even after proceedings have ended. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004) (acknowledging that a district court "can modify a protective order," even after dismissal, *sua sponte* or upon motion by a third party); *Geraci v. Doe*, No. 1:20-CV-113-RP, 2020 WL 5899114, at *2 (W.D. Tex. Oct. 5, 2020) (applying *Gambale* to decide a request for sealing made by a party three months after she voluntarily dismissed her case).

This Court's enduring jurisdiction over its own records protects the public's right of access to court records when parties seal more information than the law allows or beyond the time any sealing could possibly be necessary, as in this case. *See Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (holding that a court's supervisory powers can be exercised *sua sponte* on matters that only "require[] the determination of a collateral issue") (internal citations omitted). The authority to grant the relief requested here—unsealing of documents that remain sealed in this Court and were improperly sealed in the first place—resides exclusively within this Court's supervisory powers.

6

The fact that the parties have filed unsealed versions of some records in the Northern District of California only proves that sealing those records in this Court can no longer be necessary. Moreover, not all of the Sealed Filings are available elsewhere. Although Intervenors cannot see the Sealed Filings, the legal arguments and evidence submitted on the issue of Uniloc's standing are likely not identical to those in the versions filed in the California court, epecially since they rely on evidence obtained after the Sealed Filings were submitted here. *See* Order Grant Mot. Dismiss at 5, 15, Dkt. #332, *Uniloc 2017 LLC v. Google LLC*, 4:20-cv-05339 (N.D. Cal. Dec. 12, 2020).

Even if all of the Sealed Filings were available in the Northern District of California, this Court would nonetheless retain jurisdiction. A Texas resident should not have to search documents filed in another state to learn about a case in this Court. Courts agree that "[a] district court that concludes that there is a public right of access to judicial documents ... acts within its jurisdiction when it modifies or vacates a protective order to allow that access, irrespective of whether it does so before or after a stipulation of dismissal has been filed." *Gambale*, 377 F.3d at 142. *See also Geraci*, 2020 WL 5899114 at *2 (order affirming that "[t]he court's supervisory power [over sealing] does not disappear because jurisdiction over the relevant controversy has been lost"). Far from losing its jurisidiction over filings at the time of case transfer, this Court retains its power and obligation to enforce laws protecting the public's right of access to court documents.

**B. Intervenors Have Standing To Intervene for the Purpose of Obtaining Public Access to the Sealed Filings.**

Nonparties have standing to intervene on the public's behalf to challenge sealing orders and to obtain access to court documents pursuant to Rule 24(b). As this District has recognized, "every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene [under Rule 24] for the purpose of challenging confidentiality orders."

7

*See* Order Grant EFF's Mot. Intervene at *1, Dkt. #95, *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3870069 (E.D. Tex. Apr. 18, 2016) (citing *EEOC v. National Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998); *In re Beef Industry Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979); *Davis v. East Baton Rouge Parish Sch. Bd.*, 78 F.3d 920, 926 (5th Cir. 1996)) ("*Blue Spike*") (news agencies permitted to intervene for the purpose of challenging confidentiality orders); 7C Wright & Miller, Federal Prac. and Proc. Civ. § 1911 (3d ed. 2007) ("[C]ourts have interpreted their discretion under [Rule 24(b)] broadly and have held that it can be invoked by nonparties who seek to intervene for the sole purpose of challenging confidentiality orders.").

EFF and PIPLI are appropriate intervenors given their commitment to advocating for the public's interest on matters of patent law. *See supra* § II.B. On this basis, EFF has been granted leave to intervene for the purpose of obtaining access to sealed court records in this District and others. *See Blue Spike* at *2; *Uniloc 2017 LLC v. Apple Inc.*, 3:18-cv-00360-WHA, 2019 WL 2009318 (N.D. Cal. May 7, 2019); *Traffic Info., LLC v. Farmers Grp., Inc.*, No. 2:14-cv-713-RWS-RSP, 2016 WL 3460763 (E.D. Tex. Apr. 7, 2016). As the Northern District of California recently explained: "EFF must be permitted to intervene. Without EFF, the public's right of access will have no advocate." *Uniloc USA, Inc. v. Apple, Inc.*, 508 F. Supp. 3d. 550, 554 (N.D. Cal. 2020). The same is true here. EFF and PIPLI respectfully request leave to intervene for the same purpose here.

### C. The Strong Presumption of Public Access Attaches to the Sealed Filings and Cannot Be Overcome on This Record.

#### 1. A Strong Presumption of Public Access Applies to the Sealed Filings and Basic Docket Information.

Both the common law and the Constitution give the public the right to access court proceedings and records. *See Nixon* at 597, 609; *Richmond Newspapers, Inc. v. Va.*, 448 U.S. 555,

573–75 (1980). Given their "societal importance," there is a strong presumption in favor of public access to court proceedings and records. Standing Order 2 (citing *In Re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011); *Richmond Newspapers*, 448 U.S. at 595). As the Fifth Circuit has recognized, "judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021).

Further, the strong presumption of public access applies to the entire judicial record filed in district court, including pleadings, motions, exhibits, and affidavits, and information about those filings. *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993).[10] The judicial record includes filings, court orders, related docket information, "and other materials filed by a party . . . that influence or underpin the judicial decision." *In re Sealing Non-Diclosure Pen/Trap/2703(D) Orders*, 562 F. Supp. 2d 876, 890 (S.D. Tex. 2008); *see also In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (applying the presumption of access to court orders, docket minute entry, and related exhibits).

Consistent with these precedents, this Court has applied the strong presumption of public access to materials filed in conjunction with a motion to dismiss. *See* Order Den. Mot. Seal at 1, Dkt. #47, *Uniloc USA, Inc. v. Amazon.com, Inc.*, No. 2:18-cv-00081-JRG (E.D. Tex. Mar. 5, 2019) ("*Amazon*") (citing *Nixon*, 435 U.S. at 598; *Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (denying request to seal exhibit filed as attachment to party's response to a motion to dismiss)).

---

[10] Other circuits have likewise confirmed that "[t]he strong presumption of public disclosure applies . . . to the materials that formed the basis of the parties' dispute and the district court's resolution." *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002); *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying the strong presumption of public access to dispositive motion because they lie "at the heart of the interest in ensuring the public's understanding of the judicial process"); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) ("[o]nce a document becomes a judicial record, a presumption of access attaches."); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

9

The Sealed Filings are briefs and exhibits filed by the parties on a motion to dismiss—the same kind of documents that received the strong presumption of public access in *Amazon*. The parties chose to submit these materials for the Court's consideration on a potentially case-dispositive issue. The strong presumption of public access applies with full force.

The strong presumption of public access also applies to Sealed Docket Information—the basic, non-confidential information about the Sealed Filings, such as the title, file size, page count, and order of documents filed entirely under seal, that Uniloc's and Google's oversealing prevents the public from seeing. Sealing of information that identifies docket entries violates the public right of access. *See United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) (holding that a court's double-docketing system that prevented the public from readily identifying case filings "preclude[d] the public and the press from seeking to exercise their constitutional right of access" to court proceedings). This case shows why: the lack of public access to document-identifying information for many of the Sealed Filings precludes the public from identifying with certainty those that have already been disclosed elsewhere.

### 2. The Parties Have Failed To Overcome the Strong Presumption of Access.

The party or parties seeking secrecy always bear the burden of overcoming the strong presumption of public access. *See* Standing Order at 1. This Court requires proponents of sealing to demonstrate "that the information sought to be protected is of such a sensitive nature that its disclosure creates a risk of harm that outweighs the strong presumption in favor of public access to judicial proceedings." Standing Order at 1. Precedent from the Fifth Circuit, moreover, holds that when the only proffered "justification for sealing entire categories of documents was that those documents 'fall[ ] squarely within the Protective Order,'" sealing is improper. *June Medical Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (2022).

10

Nothing in the record in this case has overcome the strong presumption of public access to the Sealed Filings. Despite the Standing Order's clear language, the parties did not file any sealing motions or supporting evidence demonstrating the harm that disclosure might cause. This Court has held the conclusory assertion that "information is sensitive" insufficient to overcome the strong presumption of access. *Amazon* at 2 (denying motion to seal in its entirety because party failed to "provid[e] any further support for its request other than the conclusion that information is sensitive"). Here, the parties have submitted even less; they have submitted nothing. Their silence is reason enough to grant the public access to all the Sealed Filings.

### 3. The Parties Cannot Overcome the Strong Presumption of Public Access for Any of the Sealed Filings That Uniloc Has Already Unsealed Elsewhere.

Even if sealing motions were before this Court, they could not be granted in their entirety now because many of the Sealed Filings have already been disclosed to the public.

This Court has repeatedly refused to seal information that is already public. *See* Order Den. Mot. Seal at 4, Dkt. #412, *Droplets, Inc. v. Overstock.com*, No. 2:11-CV-401-JRG (E.D. Tex. Mar. 4, 2015) (unsealing details of confidential settlement agreements given "the fact that the agreements were used in open court during trial") ("Droplets"); Order Den. Mot. Redact at 2, Dkt. #286, *Seven Networks, LLC v. Google LLC.*, No. 2:17-cv-00442-JRG (E.D. Tex. Aug. 22, 2018) (denying motion to seal previously-disclosed information because "redactions would now be of no real effect"); *Amazon* at 2 (denying Uniloc's effort to seal information about its opening and closing offices within the Eastern District, because its "offices are a matter of public record.").

A substantial amount of the information in the Sealed Filings is now public and thus cannot legally remain sealed. Counsel for Uniloc stated that all but a "few remaining bits" of the exhibits currently under seal in this District have been publicly filed in the Northern District of California,

11

at *Uniloc v. Google*, No. 4:20-cv-05399-YGR, Dkt. #317 *et seq.*, 318-1 (N.D. Cal. Oct. 2, 2020). *See* Morten Decl. Ex. C at ¶¶ 6, 12. These must be unsealed.

While Uniloc has represented to EFF and PIPLI that most of the Sealed Filings have been made public in companion litigation in the Northern District of California, *see* Morten Decl. Ex. C at ¶¶ 6, 11, 14, 15, 19, EFF and PIPLI cannot verify this claim. The public cannot rely on Uniloc's representations about the availability of documents elsewhere. The public should not have to engage in detective work across multiple dockets in multiple districts, and cannot verify Uniloc's representations regarding documents that are still sealed here. The parties, not EFF, PIPLI, or this Court, have the burden and ability to identify precisely which of the Sealed Filings and Sealed Information have been unsealed elsewhere and must be unsealed in this Court. *See* Standing Order at 1. At this time, the parties must submit justifications for continued sealing subject to this Court's supervisory power.

**D. The Sample Protective Order Cannot Abrogate This Court's Standing Order or the Public's Rights of Access Under The Constitution and Common Law.**

Upon review of the limited portions of the Sealed Filings that are visible to the public, it is evident that the parties failed to submit sealing motions pursuant to the Standing Order. The parties were obliged to comply with that Order, and the precedents on which it relies.

The fact that portions of the Sealed Filings were produced pursuant to a Protective Order does not relieve the parties of this obligation, but their actions suggest they believe otherwise. The parties stamped the Sealed Filings with "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER," or affixed "Certificate[s] of Filing Under Seal" pursuant to the Protective Order to each such filing. Dkt. #50 ¶18; *see, e.g.,* Dkt. #118. These stamps and certificates erroneously suggest the protective order somehow permits or requires the parties to file documents under seal without filing the appropriate sealing motions required under the Standing Order.

It is well-settled that protective orders governing documents produced in discovery do not and cannot justify sealing documents filed in court without more. Courts in this District and across the country have consistently held that parties cannot use protective orders to circumvent the public's rights of access. *See* Order Grant. Mot. Unseal at 7, Dkt. #106, *Blue Spike* ("The Protective Order and the largely technical nature of the documents in question do not eliminate the required showing to override the presumption of public access."). Fifth Circuit precedent holds that qualifying for the protection of a protective order does not, by itself, qualify a court record for withholding from the public. "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*." *June Medical Servs., L.L.C. v. Phillips*, 22 F.4th at 521 (quoting *Le,* 990 F.3d at 420).

Consistent with these decisions, this Court's Standing Order requires parties to demonstrate there is a "risk of harm that outweighs the strong presumption in favor of public access" to file documents under seal. Standing Order 1. Nothing in this Court's SPO or the Protective Order in this case suggests that requirement does not apply to material the parties designate as confidential and file under seal. To the contrary, both orders explicitly contemplate a "further order of the Court" will issue once confidential discovery material is filed. SPO 50 ¶¶ 1, 6, 18; *see also* Protective Order, Dkt. #50 ¶¶ 1, 6, 18 (mirroring SPO).  At that stage, the Court must determine whether the parties' desire for secrecy overcomes the public's right to know. As this Court has explained, "parties often prefer to keep information confidential," but "the Court's interests are not the same as those of the parties," for it "must always keep in the forefront the public's right to know what happens within our judicial system." Order Den. Mot. Seal at 2, Dkt. #412, *Droplets*.

If the parties believe the SPO's provisions regarding discovery materials override the Standing Order's requirements for court filings, as well as the Constitution and common law, they

are wrong. Judicial intervention is necessary to clarify the effect of this Court's standing order in this and future cases. If litigants erroneously assert that the SPO could be used to avoid complying with the Standing Order—and thus the presumption of public access under the Constitution and common law—the consequences would be to shield documents subject to a protective order in all pending and future patent cases in this District. Yet the SPO does not and cannot void the strong presumption of public access that comes from the common law and the Constitution.

Otherwise, litigants could by mutual agreement void the public's access rights with impunity in virtually every court proceeding. That would turn the presumption of public access, which comes from the Constitution and common law, into a dead letter. This Court's intervention is necessary to prevent that from happening.

## IV. Requested Relief

Intervenors EFF and PIPLI respectfully ask the Court to confirm that the presumption of public access, and thus the requirements of the Standing Order, apply to the Sealed Filings. In particular, Intervenors ask the Court to order the parties to re-file with this Court unsealed or redacted versions of documents that have been publicly disclosed on other dockets.[11] Intervenors also ask the Court to order the Clerk to update the docket entries for those of the Sealed Filings that are sealed in their entirety to include basic identifying information (*e.g.*, the documents' full titles and file sizes). As to any other documents or portions thereof that the parties wish to keep sealed, Intervenors ask the Court to order the parties to comply with the Standing Order and file motions that show sufficiently compelling reasons for secrecy exist.

---

[11] A "document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" must be taken. *June Medical* at 521 (quoting *Vantage Health Plan, Inc. v. Willis-Knighton Medical Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019); *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020)).

**V.     Conclusion**

For the foregoing reasons, the Court should allow EFF and PIPLI to intervene and order the Sealed Filings unsealed or, in the alternative, order the parties to show which portions of the Sealed Filings may properly remain sealed.

Dated: April 25, 2022

Respectfully submitted,[12]

/s/ Christopher J. Morten
Christopher J. Morten (admitted E.D. Tex.)
(NY Bar No. 5428107)
SCIENCE, HEALTH & INFORMATION CLINIC
MORNINGSIDE HEIGHTS LEGAL SERVICES, INC.
Columbia Law School
435 West 116 St, Room 831
New York, NY 10027
Tel: (212) 854-1845
cjm2002@columbia.edu
*Counsel of Record*

Alexandra H. Moss (admitted E.D. Tex.)
(CA Bar No. 302641)
ELECTRONIC FRONTIER FOUNDATION &
PUBLIC INTEREST PATENT LAW INSTITUTE
815 Eddy St
San Francisco, CA 94109
(818) 281-2191
alex@piplius.org

*Counsel for Intervenors Electronic Frontier
Foundation & Public Interest Patent Law*

---

[12] Counsel wish to thank law students Caleb Monaghan, David Ratnoff, Jennifer Kopp, Tom McBrien, Dillon Reisman, Celine Rohr, Yujung (Iris) Ryu, and Tiffany Wong for their many contributions to this brief.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

To ensure service on all counsel, Intervenors also emailed courtesy copies of this motion and associated filings on April 25, 2022.

*/s/ Christopher J. Morten*
Christopher J. Morten

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), I hereby certify that on January 5, 2022, I, counsel for the movants, conferred by telephone with counsel for the parties in a good faith effort to resolve the issues raised by this motion. Sanjiv Laud, counsel for Google, and Aaron Jacobs, counsel for Uniloc, conferred with me. The parties were unable to resolve the issues raised in this motion, and are at an impasse. While Counsel for Google takes no position on this motion, Counsel for Uniloc indicated that Uniloc opposes the relief requested in this motion.

During meet and confer, the parties contested this Court's enduring jurisdiction over its records, and stated that the Court and the parties therefore could not provide the remedy EFF and PIPLI seek.

*/s/ Christopher J. Morten*
Christopher J. Morten