# Columbia Law School

**Morningside Heights Legal Services, Inc.**

435 West 116th Street, Room 831
New York, NY 10027
T 212 854 4291  F 212 854 3554

Christopher J. Morten
cjm2002@columbia.edu
(212) 854-1845

May 13, 2022

VIA CM/ECF

The Honorable James Rodney Gilstrap
Sam B. Hall, Jr. Federal Building and United States Courthouse
100 East Houston Street
Marshall, Texas 75670

Re: *Uniloc 2017 LLC v. Google LLC*, 2:18-cv-00499-JRG/RSP (E.D. Tex.)

Dear Judge Gilstrap,

Intervenors the Electronic Frontier Foundation (EFF) and Public Interest Patent Law Institute (PIPLI) respectfully submit this letter to request that the Court rescind the notice of termination entered in the above-captioned case by the Clerk of Court on April 25, 2022 and entertain the merits of EFF and PIPLI's motion to intervene and unseal filed the same day, Dkt. #286. As the motion establishes and this letter reiterates, this Court retains its jurisdiction and has an ongoing obligation to adjudicate questions of sealing and public access to court records, even after cases are transferred or otherwise closed. EFF and PIPLI respectfully request that the Court fully consider their motion, including requesting responsive briefing from Google and Uniloc.

*A. Posture*

The above-captioned case is an action for patent infringement brought by Uniloc 2017 LLC (Uniloc) against Google LLC (Google) (together, "the parties"). The case was transferred to the Northern District of California on August 4, 2020. Dkt. #282.

As EFF and PIPLI's April 25 motion explains in detail, many records in the case have been sealed in their entirety or heavily redacted and are therefore inaccessible to EFF, PIPLI, and the general public. Dkt. #286 at 4-5. For convenience, EFF and PIPLI refer to these records, collectively, as the "Sealed Filings."[1] Despite the requirements of this Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information To Be Presented to the

---

[1] A complete list of the Sealed Filings is provided at Dkt. #286-3 (Exhibit B to Morten Declaration).

Court During Motion and Trial Practice, the parties submitted no motions to seal any of the Sealed Filings, and therefore no justification for sealing any of these records has been established. EFF and PIPLI's motion shows that this sealing constitutes a violation of the public's right of access to court records.

EFF and PIPLI's motion details their efforts to address the problem of oversealing with the parties. Dkt. #286 at 4-5. After meeting and conferring, the parties refused to file sealing motions or public versions of any of the Sealed Filings, citing their belief that this Court lacks jurisdiction over its records because the case was transferred. EFF and PIPLI thus found themselves at an impasse.

The parties do not dispute that much but not all of the information in the Sealed Filings has been made public elsewhere. The parties have not provided any justification for the current level of sealing on this Court's docket.

On April 25, EFF and PIPLI filed their motion to intervene and unseal. Dkt. #286. Uniloc opposes the motion in its entirety. Google takes no position and does not oppose EFF and PIPLI's request to intervene.

Later on April 25, a few hours after EFF and PIPLI filed their motion, the Clerk of Court for the Eastern District of Texas entered a notice that the motion was "terminated":

| 04/25/2022 | NOTICE #286 Terminated. Case Transferred to Northern District of California on 8/4/2020 and Assigned Case Number 4:20-CV-05339. (klc, ) Modified on 4/27/2022 (klc, ). (Entered: 04/25/2022) |

The notice referenced the fact that the case had transferred to the Northern District of California in August 2020 but did not otherwise explain the termination.[2] The notice remains in effect as of writing.

*B. The Court Retains Its Power and Obligation To Consider EFF and PIPLI's Motion.*

As EFF and PIPLI's motion establishes, the Court retains jurisdiction to consider the motion and the propriety of continued sealing of the Sealed Filings, notwithstanding transfer of the case to the Northern District of California. Dkt. #286 at 5-7. "Every court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Zimmerman v. City of Austin, Tex.*, 969 F.3d 564, 569 (5th Cir. 2020) ("Even if a court loses jurisdiction over the litigation, it maintains its inherent supervisory powers." (internal quotation marks and citation omitted)). For example, in a recent Western District of Texas case, the judge there recognized that a federal court "has jurisdiction under its inherent supervisory power to unseal or seal its records even after a case has been dismissed" and ruled on a sealing motion months after case closure. *Geraci v. Doe*, No. 1:20-cv-113-RP, 2020 WL 5899114, at *2 (W.D. Tex. Oct. 5, 2020). This Court likewise has jurisdiction and authority to decide EFF and PIPLI's motion.

---

[2] The notice was modified on April 27, apparently to correct the case number of the N.D. Cal. case.

2

Moreover, this Court has an obligation to act. This Court has an enduring duty to protect the public right of access to court records grounded in the common law and the First Amendment of the U.S. Constitution. In this case, the parties have hidden the Sealed Filings from public view out of an apparent belief that the protective order in this case (Dkt. #50) somehow permits or requires them to file records under seal without filing appropriate motions to seal. Dkt. #286 at 12-14. The Fifth Circuit has chastised district courts for failing to scrutinize the propriety of sealing of court filings sealed pursuant to a protective order. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). In that decision, the Fifth Circuit reaffirmed that "[p]roviding public access to judicial records is the duty and responsibility of the Judicial Branch." *Id.* (internal quotation marks and citation omitted); *see also June Medical Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) ("It is the solemn duty of the judge to scrupulously examine each document sought to be sealed.") The Fifth Circuit has also held that "a district court abuses its discretion in sealing or unsealing documents when it fails to identify and apply the proper legal standard and when it fails to provide sufficient reasons for its decision to enable appellate review." *June Medical Servs.*, 22 F.4th at 519. Now that EFF and PIPLI have brought violations of the public right of access to the Court's attention, the Court cannot ignore them.

*C. EFF, PIPLI, and the Public Have No Access to Certain Information within the Sealed Filings.*

As EFF and PIPLI's motion explains, the fact that some of the information in the Sealed Filings has been publicly disclosed in court records filed in the Northern District of California is insufficient, for numerous reasons, to vindicate the public's right of access. Dkt. #286 at 7, 10-14; *see also* Dkt. #286-7 (Moss Declaration) ¶¶ 18-19. To the contrary, this fact confirms that the current level of sealing on this Court's docket cannot be justified.

Even if public filings in one court could remedy unwarranted secrecy in another, the public filings in California cannot give the public access to all of the information filed under seal here. Uniloc's and Google's briefing on the issue of Uniloc's standing to sue is heavily redacted in this case, and those briefs are not publicly available, in the Northern District of California or elsewhere. This alone constitutes an ongoing violation of the public right of access to court records. Lack of access to Uniloc's and Google's briefing in this Court hinders EFF and PIPLI's ability to understand and communicate to the public important issues of patent law. As Alex Moss, representative of EFF and PIPLI, explained in her declaration, "[b]ecause EFF does not have the ability to access many sealed filings submitted to this Court in support of Google's motion to dismiss for lack of standing, it cannot ascertain the relationship between the legal and factual issues raised in this Court and those raised [by Uniloc and its opponent] in the Northern District of California, including whether Uniloc has made different assertions of fact or law in different jurisdictions." Dkt. #286-7 (Moss Declaration) ¶ 19.

\*   \*   \*

For the foregoing reasons, EFF and PIPLI respectfully request that the Court rescind the notice of termination entered in the above-captioned case by the Clerk of Court on April 25, 2022 or otherwise clarify that it will consider EFF and PIPLI's motion to intervene and unseal

filed the same day and request that the parties respond to the motion so that the court may fully consider the matter.[3]

        Respectfully submitted,

        */s/ Christopher J. Morten*
        Christopher J. Morten

        *Counsel for Intervenors Electronic Frontier Foundation & Public Interest Patent Law Institute*

CC: All counsel of record (via CM-ECF)

---

[3] EFF and PIPLI believe that their April 25 motion to intervene and unseal is ripe for consideration by the Court. However, should the Court deem that the motion should be restyled a motion to intervene, reopen the case, and unseal, EFF and PIPLI would gladly file a motion so restyled.