PRINCE LOBEL

**MAY 16, 2022**

**BY ECF**

The Honorable James Rodney Gilstrap
Sam B. Hall, Jr. Federal Building
United States Courthouse
100 East Houston St.
Marshall, Texas 75670

Dear Judge Gilstrap,

I write in response to the May 13, 2022, letter from purported Intervenors Electronic Frontier Foundation and Public Interest Patent Law Institute.

Intervenors' four-page letter is largely a rehashing of their April 25, 2022, motion to intervene, a motion that was terminated within four hours of being filed. That motion was appropriately terminated because this Court no longer has jurisdiction over the case. Without jurisdiction, the remainder of Intervenors' letter is irrelevant and so I will focus on the two paragraphs that address that issue. *See* Dkt. No. 291-1 at 2-3. If the Court concludes that it wants to address the other issues, Uniloc respectfully requests the opportunity to brief the remainder of Intervenors' arguments.

As Intervenors noted, this Court transferred the case to the Northern District of California in August of 2020. It has since been dismissed by the Northern District of California and is currently on appeal to the Federal Circuit, but those subsequent events are irrelevant to the question at hand: Upon transfer, this Court relinquished jurisdiction over the case. Intervenors cite several cases which stand for the undisputed and unsurprising position that a court retains jurisdiction over a case that it *dismisses*. But, what Intervenors do not—and cannot—cite is a single case that suggests that a court retains jurisdiction to do anything in a case that is *transferred* to another court. In short, two different courts cannot maintain jurisdiction over the same case.

"It is well established that '[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case . . . .'" *Auto. Body Parts Ass'n. v. Ford Glob. Techs., LLC.*, 2015 WL 1517524, at *1 (E.D. Tex. Apr. 2, 2015) (quoting *Schwartz v. Curtis*, 2008 WL 4467560, at *1 (S.D. Tex. Oct. 2, 2008); *see also, e.g.*, Rutter Prac. Guide: Fed. Civil Proc. Before Trial (Nat. Ed.) Ch. 4-K at 4:805 ("Once the motion to transfer has been granted and the file docketed with the new district, the transferor court loses jurisdiction."); 15 Fed. Prac. & Proc. Juris. § 3846 (4th ed.) ("When a motion for transfer under 28 U.S.C.A. § 1404(a) is granted and the papers are lodged with the clerk of the transferee court, the transferor court and the appellate court for the circuit in which that court sits lose jurisdiction over the case and may not proceed further with regard to it.").

The Fifth Circuit has long recognized as much. For example, in *In re Red Barn Motors, Inc.*, 794 F.3d 481 (5th Cir. 2015), plaintiff Red Barn sued defendants NextGear and First Choice in the Middle District of Louisiana. NextGear filed a motion to transfer the case to the Southern District of Indiana, which motion was granted and the files were transferred in September of 2014. Red Barn then filed a petition for mandamus to the Fifth Circuit in January of 2015. The Fifth Circuit explained that neither it nor the Middle District of Louisiana had jurisdiction to hear the matter:

> The Louisiana court [which transferred the case to Indiana], meanwhile, has lost its jurisdiction. *In re Sw. Mobile Homes, Inc.*, 317 F.2d 65, 66 (5th Cir. 1963). It is no longer capable of making a final decision that would be appealed to us. No party contends that the transfer order is an immediately reviewable decision. *See In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014). This is not just a case in which no appeal to the Fifth Circuit has been perfected; instead, it is a proceeding in which no appeal to this court can be taken, short of the purely speculative possibility that the Indiana court transfers it back.
>
> In *Southwestern Mobile Homes*, 317 F.2d at 66, we recognized it was "extremely doubtful" that we had authority over a case once it was transferred to a district court in a different circuit. It seems uncontroversial in this situation that a transfer to another circuit removes the case from our jurisdiction, and numerous circuits have stated that rule plainly.[1]

*In re Red Barn Motors*, 794 F.3d at 484.

---

[1] The Fifth Circuit did not exaggerate when it said that "numerous circuits have stated that rule plainly." The following are exemplary:

**D.C. Circuit**: *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (*en banc*) (stating that it has long been "clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer").

**Third Circuit**: *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 143 n.4 (3d Cir. 1999) ("A transfer is typically deemed to be complete when the files of a case are lodged in the transferee court. When the papers are sent, the transferor court—and the appellate court that has jurisdiction over it—lose all jurisdiction over the case and may not proceed further with regard to it.") (citations and quotation marks omitted).

**Sixth Circuit**: *Miller v. Toyota Motor Corp.*, 554 F3d 653, 654 (6th Cir. 2009) ("Jurisdiction follows the file . . . .") (granting fees and costs based upon appeal where the case had already been transferred to another district court in another circuit.)

The Western District of Texas recently applied *In re Red Barn Motors* (and the earlier *In re Southwestern Mobile Homes*) to similar effect in *Bustos v. Dennis*, No. SA-17-cv-39-XR, 2017 WL 1944165 (W.D. Tex. May 8, 2017). The defendant in *Bustos* filed a motion to transfer the case to the District of Nevada, which motion was granted on March 17, 2017. The file transferred four days later, on March 21, 2017. Plaintiff filed a motion for reconsideration on April 3, 2013, thirteen days after the file had been transferred. The court had little difficulty rejecting plaintiff's untimely request: "It seems uncontroversial . . . that a transfer to another circuit removes the case from our jurisdiction, and numerous circuits have stated that rule plainly." *Id.* (quoting *In re Red Barn Motors, Inc.*, 794 at 484). As the court further explained:

> The Fifth Circuit addressed this question in *In re Sw. Mobile Homes, Inc.*, 317 F.2d 65, 66 (5th Cir. 1963). There, the district court granted the defendants' motion to transfer at a hearing where both parties were present. *Id.* Three days later, the Northern District of Texas transferred the case to the District of Colorado. *Id.* Then, two days after the case had been transferred and docketed in the transferor court, the party opposed to transfer filed a motion for leave to file a petition for mandamus. *Id.* As another court said of the decision in *Sw. Mobile Homes*, "the Fifth Circuit noted that the petitioner had not seasonably moved for a

---

**Seventh Circuit**: *Jones v. InfoCure Corp.*, 310 F.3d 529, 533 (7th Cir. 2002) ("Generally speaking, a district court relinquishes all jurisdiction over a case when it is transferred to another district court.")

**Ninth Circuit**: *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) ("Other circuits have held that a section 1404 transfer ends the jurisdiction of both the transferor court and the corresponding appellate court when the motion is granted and the papers are entered in the transferee court's records. We adopt the docketing date as the time of effective transfer.") (citations omitted); *see also In re Donald*, 328 B.R. 192, 197 (9th Cir. 2005) ("Once the transferee court receives and dockets the case files, the transferor court generally loses jurisdiction over the case, as does the transferor court's appellate court.").

**Tenth Circuit**: *Chrysler Credit*, 928 F.2d, 1516-17 (10th Cir. 1991) ("Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer. . . . The date the papers in the transferred case are docketed in the transferee court also forms the effective date that appellate jurisdiction in the transferor circuit is terminated."); *see also id.* at 1518-19 ("A court acting under § 1404(a) may not transfer part of a case for one purpose while maintaining jurisdiction for another purpose; the section 'contemplates a plenary transfer' of the entire case.").

**Eleventh Circuit**: *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982) ("When the files in a case are physically transferred to the transferee district, the transferor court loses all jurisdiction of the case.").

> stay within which to seek review of the transfer," and that the district court had lost jurisdiction. *Auto. Body Parts*, 2015 WL 1517524, at *2 ("[I]t was 'extremely doubtful' whether the Fifth Circuit still 'ha[d] the power to compel the District Judge to vacate his order transferring the action.' "); *see also March v. ABM Sec. Servs., Inc.*, 2010 WL 148405, *1 (S.D. Tex. Jan. 12, 2010) (holding that the court lacked jurisdiction to consider Plaintiff's motion for reconsideration of a decision to transfer because the record had already been transmitted to the transferor court). . . . [¶] Accordingly, Plaintiff's motion to reconsider is dismissed because the Court lacks jurisdiction to reconsider its transfer.

*Bustos*, 2017 WL 1944165, at *2-3.

Without attempting to belabor the point, opinions from district courts in the Fifth Circuit to the effect that this Court relinquished jurisdiction over the case upon transfer are legion. *See, e.g.*, *Mlodzianowski v. Markus*, No. SA-20-CV-01142-OLG, 2021 WL 6750852, at *2 (W.D. Tex. Oct. 7, 2021) ("It is well-settled in the Fifth Circuit that a transfer to another circuit removes the case from our jurisdiction.") (quotation marks omitted); *Bruce Oakley, Inc. v. Vidalia Dock & Storage Co.*, No. 5:15-CV-57, 2016 WL 6238606, at *1 (S.D. Miss. Oct. 25, 2016) ("The date the papers in the transferred case are docketed in the transferee court ... forms the effective date that jurisdiction in the transferor court is terminated . . . ."); *De la Cruz v. Graber*, No. 3:14-CV-3846, 2015 WL 4508441, at *1 (N.D. Tex. July 24, 2015) ("When a case is transferred to a transferee district court, the transferor court loses all jurisdiction over the case. . . . The date the papers in the transferred case are docketed in the transferee court ... forms the effective date that jurisdiction in the transferor court is terminated."); *Auto. Body Parts Ass'n.*, 2015 WL 1517524, at *1 ("The present case was [transferred and] docketed in the Eastern District of Michigan on January 14, 2015. As such, January 14, 2015 is the effective date that this Court's jurisdiction over the matter was terminated."); *March v. ABM Sec. Servs., Inc.*, 2010 WL 148405, *1 (S.D. Tex. Jan. 12, 2010) (holding that the court lacked jurisdiction to consider plaintiff's motion for reconsideration of a decision to transfer because the record had already been transmitted to the transferor court); *Schwartz v. Curtis*, 2008 WL 4467560, at *1 (S.D. Tex. Oct. 2, 2008) ("Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer.").

So, this Court has no jurisdiction over the case. Application of this rule is particularly sensible when it comes the files in question. Before PACER, a transferor court would ship the files to the transferee court, quite literally losing possession of and jurisdiction over them. PACER makes no difference—the files were transferred to another court's docket. *See* Local Rule CV-83(b) ("Where a case has been transferred to another federal district court, the electronic case file shall be transferred to the directed court."). The transferee court may now make decisions and apply orders with respect to those files; if this Court, too, could do so, it would run the risk of two different courts in two different circuits issuing conflicting orders.

To the extent any citizen—or, indeed, anyone with access to the Internet anywhere in the world—wants to access the files, all that person needs to do is remain logged into PACER and follow the Court's direction to the California docket:

| | | |
|---|---|---|
| 08/04/2020 | | Interdistrict transfer to the Northern District of California. (ch, ) (Entered: 08/04/2020) |
| 08/04/2020 | | ACKNOWLEDGMENT OF RECEIPT - Case transferred from Texas Eastern has been opened in California Northern District as case 4:20-cv-05339, filed 08/03/2020. (ch, ) Modified on 4/27/2022 (klc, ). (Entered: 08/04/2020) |

Sincerely Yours,

*Aaron S. Jacobs*
Aaron S. Jacobs
Counsel for Plaintiff Uniloc 2017 LLC